UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE W. SIMMONS,

                Plaintiff,                10 Civ. 821 (PGG)

      - against -                      **MEMORANDUM**
                                                      **OPINION & ORDER**

CHIEF DOCTOR MR. PEDROZA and
MEDICAL NURSES 7 TO 3 SHIFT,

                Defendants.

PAUL G. GARDEPHE, U.S.D.J.:

        In this Section 1983 action[1] against Defendants Jorge Pedroza – the Chief Medical Administrator – and medical nurses on the "7 to 3 shift" at Otis Bantum Correctional Center ("OBCC") on Rikers Island, pro se Plantiff George Simmons alleges that Defendants left him lying on the clinic floor without pain medication for hours after his leg gave out due to a tumor on his spine. Simmons alleges that Defendants' actions constitute cruel and unusual punishment, "deliberate indifference to [Plaintiff's] serious medical needs," and malpractice. (Cmplt. § IV-A)

        Defendants have moved to dismiss, or in the alternative for summary judgment, arguing that Simmons has failed to set forth a plausible claim for relief, failed to state a claim under 42 U.S.C. § 1983, failed to state a Fourteenth Amendment claim, and that, in any event, they are entitled to qualified immunity. For the reasons set forth below, Defendants' motion to dismiss and motion for summary judgment will be denied.

---

[1] Although the Complaint does not cite to Section 1983, this Court interprets the Complaint as asserting such a claim.

**BACKGROUND**

The Complaint asserts the following facts in support of Simmons' claims:

> On 12-10-09 I George Simmons went to sick-call [due] to back-pains[.]  As I stood up, my right leg gave on me [due] to a tumor growing on my spine.  I [laid] on the floor inside [the] clinic over [an] hour, screaming for help[.]  Doctor told me to get up, I told him I couldn't my leg gave out on me.  He said to nurses [and] officer leave him till he walk back to Clinic Room.  After an hour or more he [brought] board an – stretcher pull me up left me for hours laying on a hard board no medication for pain nothing!

(Cmplt. § IV)

The documents attached to the Complaint indicate that Simmons "ha[d] a tumor on his spine and was supposed to have an operation while at Bellevue [Hospital], when he was suddenly removed from Bellevue and taken to Rikers Island."  (Cmplt., Legal Aid Society email)

**DISCUSSION**

**I.    LEGAL STANDARD**

"To survive a motion to dismiss, a claim must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "In considering a motion to dismiss . . . the court is to accept as true all facts alleged in the complaint," Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007) (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002)), and must "draw all reasonable inferences in favor of the plaintiff."  Id. (citing Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006)).

A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the

claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. 544).

"When determining the sufficiency of plaintiffs' claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in plaintiffs' . . . complaint, . . . to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993).

Because Simmons is proceeding pro se, this Court is required to read his complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) ("A document filed pro se is to be 'liberally construed.'"). Accordingly, this Court will construe the Plaintiff's complaint "'to raise the strongest arguments that [it] suggest[s].'" Fulton v. Goord, 591 F.3d 37, 43 (2d Cir. 2009) (quoting Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001)).

## II.  ANALYSIS

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

> [D]eliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care. . . . Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). In determining whether alleged indifference to serious medical needs constitutes an

Eighth Amendment violation, courts apply a two-part test that "embodies both an objective and a subjective component. The physical condition of the plaintiff must be sufficiently serious and the failure to render proper care must result from 'a sufficiently culpable state of mind.'" Allen v. New York City Dept. of Correction, No. 06 Civ. 7205(RJS)(MHD), 2010 WL 1644943, at *12 (S.D.N.Y. Mar. 17, 2010) (quoting Estelle, 429 U.S. at 66). An Eighth Amendment claim "may be based simply on deliberate indifference, a test that may be satisfied, at least in some circumstances, by a showing of gross negligence." Id. (citing Doe v. New York City Dep't of Soc. Servs., 649 F.2d 134, 143 (2d Cir. 1981)).

Whether a delay in medical treatment reaches the level of a constitutional violation is "highly fact-sensitive." Davidson v. Harris, 960 F. Supp. 644, 648 (W.D.N.Y. 1997) ("Although plaintiff is correct that under certain circumstances a five- or six-hour delay in medical care can constitute deliberate indifference, such a conclusion is highly fact-sensitive."). In performing this "fact-intensive inquiry," courts should consider whether Plaintiff has alleged

> "'an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" [Chance v. Armstrong, 143 F.3d 698, 702] (quoting McGuckin v. Smith, 974 F.3d 1050, 1059-60 (9th Cir.1992)). "The Second Circuit, along with other circuits, has interpreted this standard as signifying that a defendant's act of deliberate indifference may form the basis of an Eighth Amendment claim based on a plaintiff's pain and suffering, even when the severity of a plaintiff's condition is not necessarily worsened by the act." Stevens v. Goord, 535 F. Supp. 2d 373, 384 (S.D.N.Y. 2008).

Allen, 2010 WL 1644943, at *12. There is no "bright line separating short delays from longer delays," id. at *13, and constitutional claims have been found adequately alleged where, for example, there was "a five-hour delay in medical treatment [that] was [allegedly] imposed to make plaintiff suffer," and "a deliberate delay on the order of hours in providing care for a

serious and painful broken foot." Id. (citing Archer v. Dutcher, 733 F.2d 14, 16-17 (2d Cir. 1984); Brown v. Hughes, 894 F.2d 1533, 1538 (11th Cir. 1990)).

Reading Simmons' pro se Complaint liberally, he has alleged that personnel at OBCC left him lying on the floor for hours without pain medication when he was suffering from intense pain. This Court cannot determine as a matter of law, at this early stage of the litigation, that such action does not constitute cruel and unusual punishment.

Defendants argue that they were not responsible for the delay in Simmons' surgery,[2] but that is not the basis for the Complaint. Instead, Simmons complains that Defendants failed to provide him with medication for several hours when he was suffering intense pain. "To assess whether the alleged deprivation is objectively serious enough to support a prisoner's Eighth Amendment claim for 'a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone.'" Id. (quoting Smith v. Carpenter, 316 F.3d 178, 185 (2d Cir.2003) (emphasis in original)).

Here, Simmons has pleaded sufficient facts in the Complaint and attached documents to support a claim at this stage against both Pedroza and "medical nurses 7-3 shift." Defendants argue that the wrong people have been served in this action, because neither Pedroza nor Christina Wheeler – the only nurse served to date – were involved in the events alleged. Specifically, Defendants assert that Pedroza had left the clinic for the day, and Wheeler was on her lunch break and not involved with Simmons' treatment at the clinic. However, Simmons has submitted evidence with his Complaint that Pedroza is the Chief Medical Administrator (see

---

[2] Simmons underwent surgery for the tumor in March 2010. (Def. Ex. C, at 0378) Because Simmons' medical records are incorporated by reference into his Complaint, they are properly considered on Defendants' motion to dismiss. See Brass, 987 F.2d at 150.

Cmplt., Request for Medical/Mental Health Second Opinion), not merely "a Health Services Administrator" as Defendants claim. (Def. Br. 2) Pedroza's title implies some degree of control over the OBCC clinic and the treatment of its patients. Moreover, a defendant need not be a doctor to be liable for deliberate indifference to the serious medical needs of prisoners. See Estelle, 429 U.S. at 104-05 ("We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care.") (citations omitted).

As to Wheeler, Simmons has named as Defendants Jane and John Doe nurses who were working the "7-3 shift" on December 10, 2009. Defendants admit that Wheeler worked that shift, but contend that she was on her lunch break when this incident occurred. Simmons has alleged, however, that he was denied necessary pain medication "for hours." (Cmplt. § IV) As discussed below, Simmons will be given 90 days to ascertain, through discovery, the identities of the nurses who were allegedly involved in his treatment.

While Defendants have moved, in the alternative, for summary judgment, Simmons has not yet taken discovery. "Summary judgment is strongly disfavored prior to the parties having had an adequate opportunity for discovery." Park Avenue Bank, N.A. v. Bankasi, No. 93 Civ. 1483 (JFK), 1995 WL 739514, at *1 (S.D.N.Y. 1995); see also Kleinman v. Vincent, No. 90 Civ. 5665 (LBS), 1991 WL 2804, at *1 (S.D.N.Y. 1991) ("the grant of summary judgment . . . prior to discovery" is "relief granted only in the clearest of cases"); Cole v. Fischer, No. 08-CV-699, 2009 WL 2258341, at *2 (W.D.N.Y. July 29, 2009) ("While Fed.R.Civ.P. 56(a) permits a plaintiff to move for summary judgment at any time after 20 days have passed since

the plaintiff commenced the action, courts should ordinarily afford the opponent a reasonable opportunity to conduct discovery before entertaining such a motion.").

Simmons will be given 90 days from the date of this order to take discovery, ascertain what individuals were responsible for the alleged failure to give him pain medication, and amend his Complaint as necessary. Accordingly, Defendants' motion for summary judgment will be denied without prejudice. Defendants may renew their motion after 90 days. If they do so, this Court will consider the papers already filed in connection with the current motion, as well as any supplemental papers either side files.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is DENIED. Defendants' motion for summary judgment is DENIED without prejudice.

Simmons has until June 6, 2011 to conduct discovery and amend his Complaint as necessary to name the proper defendants. The Pro Se office at the United States Courthouse, 500 Pearl Street, Room 230, New York, New York 10007 (telephone: (212) 805-0175) may be of assistance in connection with court procedures.

The Clerk of the Court is directed to terminate the motion (Dkt. No. 10) and is further directed to send a copy of this Order by certified mail to Plaintiff at the following address:

> George W. Simmons
> # 700-09-00130
> N.I.C.
> 15 00 Hazen Street
> East Elmhurst, NY 11370
> PRO SE

Dated: New York, New York
March 7, 2011

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge